UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re:   Ray Weems, Jr.,                    Chapter 13
              Debtor.                       Case No. 16-31670-SVK

_____

**ADVERSARY COMPLAINT**
_____

Ray Weems, Jr.,

    Plaintiff,                         Adversary
                                            Case No.
    v.

Legacy Bank,

    Defendant.

_____

NOW COMES the plaintiff, Ray Weems, Jr., by his attorney, David G. Kingstad, and alleges as follows:

1.    The Debtor, Ray Weems, Jr., filed a Chapter 13 bankruptcy case in the Eastern District of Wisconsin on December 2, 2016, as Case No. 16-31670-SVK.

2.    This is a Core proceeding, as that term is defined by 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. § 151, 157, and 1334.

3.    This Complaint is filed pursuant to 11 U.S.C. §§506 and/or 1322(b)(2), and in accordance with Bankruptcy Rule 7001, to value Plaintiff's real estate for the purpose of determining the secured status of the second mortgage claim asserted by Legacy Bank.

Prepared by:
Attorney David G. Kingstad
Kingstad Law Firm, LLC
8081 West Layton Avenue, Suite C
Greenfield, WI 53220
(414) 281-5500
FAX (414) 281-5444
e-mail: dkingstad@kingstadlaw.com

-1-

Case 17-02152-svk    Doc 1    Filed 05/26/17    Page 1 of 4

4. The defendant, Legacy Bank, is a foreign corporation with a mailing address of 502 8th Street, S.W., Altona, IA 50009.

5. The Plaintiff owns real property located at 4421 North 51st Boulevard, Milwaukee, WI 53218. The legal description of the property is as follows:

> Lot 19, in Towne Subdivision No. 36, being a Subdivision of a part of the Northwest 1/4 of Section 2, in Township 7 North, Range 21 East, in the City of Milwaukee, Milwaukee County, Wisconsin.
>
> The Parcel No. is: 278081900080.
> Tax Key No. is: 227-0819-8.

9. Plaintiff originally gave a first mortgage to Allco Credit Union n/k/a Landmark Credit Union, in the amount of $107,700.00 on June 25, 2008. A copy of the mortgage is attached hereto as Exhibit "A", and shows a recording date of July 17, 2008, as Document No. 09625942 at the Milwaukee County Register of Deeds office. There are no transfers or assignments of record with the Milwaukee County Register of Deeds of this mortgage as of the filing of this action. The Proof of Claim (#1) filed in the Debtor's bankruptcy case by Landmark Credit Union, on December 27, 2016, shows the balance of the loan as of the filing of the claim to be $118,565.20 and is attached hereto to as Exhibit "B".

10. Plaintiff originally gave a second mortgage to Legacy Bank, in the amount of $11,235.62 on January 29, 2007. A copy of the mortgage is attached hereto as Exhibit "C", and shows a recording date of February 21, 2007, as Document No. 09389370 at the Milwaukee County Register of Deed's office. There are no transfers or assignments of record with the

Prepared by:
Attorney David G. Kingstad
Kingstad Law Firm, LLC
8081 West Layton Avenue, Suite C
Greenfield, WI 53220
(414) 281-5500
FAX (414) 281-5444
e-mail: dkingstad@kingstadlaw.com

-2-

Milwaukee County Register of Deeds of this mortgage as of the filing of this action.

11. The fair market value of the subject property as of the date of filing of the petition was no more than $54000.00, according to David Polachek of Vozar Appraisal Service Inc. (Mr. Polachek's Appraisal is attached hereto as Exhibit "D").

12. Pursuant to the above, and 11 USC §§506 and/or 1322(b)(2) of the Bankruptcy Code, the value of the subject property is less than the amount due and owing to the holder(s) of the most senior lien(s) on the property, i.e. the first mortgage, and accordingly there is no equity in the property to which the defendant's junior lien(s) can attach, the defendant's lien is void and defendant's claim(s) may be modified because defendant does not and cannot have an allowed secured claim.

WHEREFORE, Plaintiff prays as follows:

1. That the Court find that the value of the subject property is less than the amount of the claim secured by lien or liens that is senior to the defendant's lien(s); that pursuant to 11 USC §506(a), the defendant's claim(s) be allowed only as general, unsecured claim(s) and not as allowed, secured claim(s); and that defendant's lien(s) is/are void pursuant to 11 USC §§ 506(d) and 1322(b)(2);

2. That the court determine that the plaintiff's Chapter 13 Plan in the case in chief may and does modify the defendant's rights as holder(s) of secured claim(s) pursuant to 11 USC §1322(b), including by providing that the defendant's lien(s) will be satisfied upon the Plan's completion and the granting of a discharge;

Prepared by:
Attorney David G. Kingstad
Kingstad Law Firm, LLC
8081 West Layton Avenue, Suite C
Greenfield, WI 53220
(414) 281-5500
FAX (414) 281-5444
e-mail: dkingstad@kingstadlaw.com

-3-

3. That upon completion of a Plan so providing, and entry of the Order granting the plaintiff's discharge, the defendant's lien(s) on the property will be satisfied, and if the defendant fails to release their or its lien(s) upon the completion of the Plan and the granting of the discharge, the plaintiff may seek additional relief to effectuate the Order;

4. For such other further relief as the Court may deem just and proper.

Dated this 26th day of May, 2017.

_/s/_____
David G. Kingstad
Attorney for Debtor/Plaintiff
State Bar No. 01011206

POSTAL ADDRESS:
Kingstad Law Firm, LLC
8081 West Layton Avenue, Suite C
Greenfield, WI 53220
(414) 281-5500
(414) 281-5444 FAX

Prepared by:
Attorney David G. Kingstad
Kingstad Law Firm, LLC
8081 West Layton Avenue, Suite C
Greenfield, WI 53220
(414) 281-5500
FAX (414) 281-5444
e-mail: dkingstad@kingstadlaw.com